**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Sean Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:26-cv-7742 |
| | ) | |
| Nationwide Credit and Collection, Inc., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Sean Williams, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts

business here.

**PARTIES**

3.      Plaintiff, Sean Williams ("Sean Williams"), is a citizen of the State of

Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to

collect defaulted consumer debts, which he allegedly owed to Northwestern Medicine.

4.      Defendant, Nationwide Credit and Collection, Inc. ("Nationwide"), is an

Illinois corporation, based in Oak Brook, Illinois,  that acts as a debt collector, as defined

1

by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Nationwide operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Illinois.

5.   Defendant Nationwide was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.   Defendant Nationwide is authorized to conduct business in the State of Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Nationwide conducts extensive business in Illinois.

## FACTUAL ALLEGATIONS

7.   On April 30, 2026, Mr. Williams filed a Chapter 7 bankruptcy petition in a matter styled In re: Williams, N.D.Ill.Bankr. No. 26-07561. Among the debts listed on Schedule E/F of Mr. Williams' Bankruptcy Petition were debts that he allegedly owed to Northwestern Medicine ("Northwestern"), see, excerpt of Schedule E/F, attached as Exhibit B. Defendant Nationwide was also listed as to the debts.

8.   Accordingly, the original creditor, Northwestern and Nationwide, were sent notice of the bankruptcy, by the Bankruptcy Noticing Center, via electronic transmission on May 2, 2026, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

9.   Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the original creditor, as well as in the files of Nationwide.

2

10. Nonetheless, Defendant attempted to collect the debt by sending collection emails, text messages, and a collection letter, directly to Mr. Williams, including but not limited to, collection emails on May 6, 2026, May 7, 2026, May 11, 2026, May 12, 2026, May 19, 2026, May 28, 2026, June 10, 2026, and June 25, 2026, regarding collection of the Northwestern debts. Screenprints and copies of these collection demands are attached as Group Exhibit D.

11. As a result of the Defendant's illegal collection actions, Mr. Williams had to take his time, and expend the effort and expense, to review and investigate the collection demands, get them to his attorneys, and then the expense (about $270) to have his attorneys send Defendant a letter on June 26, 2026, telling it to stop its improper collection efforts. A copy of this letter is attached as Exhibit E.

12. Moreover, due to Defendant's collection actions, Mr. Williams had to take the time, effort and/or expense to obtain and review his credit reports to see if Defendant had made a negative credit report, and also to determine whether his bankruptcy was noted in his reports.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and **unfair** debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment

of a debt that a consumer no longer owes and has refused to pay, see, 15 U.S.C. §

1692(c)(c), for example, when the debt is subject to a bankruptcy.

15.     Moreover, to eliminate deceptive collection practices, § 1692e of the

FDCPA prohibits the use of false and/or deceptive or misleading statements in

connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the

FDCPA is rooted in the basic common law principle of fraud; for example, a debt

collector may not claim that a debt, which has been included in bankruptcy, is still

directly owed by the consumer.

16.     Moreover, §1692c of the FDCPA limits the way debt collectors may

communicate with consumers. Specifically, § 1692c(c) of the FDCPA prohibits a debt

collector from communicating with a consumer who has "notified a debt collector in

writing that the consumer refuses to pay a debt or that the consumer wishes the debt

collector to cease further communication with the consumer", see, 15 U.S.C. §

1692c(c). Defendant's collection actions intruded upon Mr. Williams' seclusion and

invaded his legally-protected right to be left alone and his right to privacy – rights

granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ

Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, 8 F.4th 1184 (10th

Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

17.     Mr. Williams had been informed by counsel and believed that he had the

right to a fresh start via bankruptcy, and a right to privacy – to be left alone about his

debts.

18.     Defendant's collection demands, after he had filed for bankruptcy, made

Plaintiff believe that his exercise of his rights, through filing bankruptcy, may have been

futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Mr. Williams' legally-protected right to be left alone, his right to privacy, and his right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

19.     Defendant's actions caused Plaintiff to question whether his counsel had done their job, whether the Northwestern Medicine debts were included in his bankruptcy, and whether he had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Mr. Williams, invaded his privacy/right to be left alone, and cost him time, effort and out-of-pocket expenses, see, Mack v. Resurgent Capital Services, L.P., 70 F.4th 395, 406-407 (7th Cir. 2023); Walters v. Fast AC, 60 F.4th 642, 648 (11th Cir. 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

20.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Subject To A Bankruptcy**

21.     Plaintiff adopts and realleges ¶¶ 1-20.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

23.     Demanding payment of a debt that has been included in a bankruptcy is

5

false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see,

Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

24.     Defendant's violations of § 1692e of the FDCPA render it liable for actual

and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

25.     Plaintiff adopts and realleges ¶¶ 1-20.

26.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay, see, 15 U.S.C. § 1692c(c).

27.     Here, the bankruptcy and the notice issued to the original creditor and

Defendant Nationwide by that court provided notice to cease communications and

cease collections. By continuously writing to Mr. Williams regarding the Northwestern

Medicine debts and demanding payment, despite his bankruptcy, Defendant violated §

1692c(c) of the FDCPA.

28.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With a Consumer Represented By Counsel**

29.     Plaintiff adopts and realleges ¶¶ 1-20.

6

30.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

31.     Here, the bankruptcy and the notice issued by that court provided notice to Defendant that Mr. Williams was represented by his bankruptcy counsel as to the debt it was attempting to collect from him. By continuously writing to Mr. Williams regarding the debt and demanding payment, despite his representation by bankruptcy counsel, Defendant violated § 1692c(c) of the FDCPA.

32.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692d Of The FDCPA –**
**Abusive Collection Actions**

33.     Plaintiff adopts and realleges ¶¶ 1-20.

34.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

35.     Attempting to collect a debt that has been included in a bankruptcy, by continuously texting Mr. Williams, is conduct, the natural consequence of which harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

36.     Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k

**PRAYER FOR RELIEF**

Plaintiff Sean Williams, prays that this Court:

1.      Find that Defendant's collection actions violate the FDCPA;

2.      Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Sean Williams, demands trial by jury.

Sean Williams,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 1, 2026

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com